UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODGER PHILLIP ROBBINS, JR., ) | 1:06-CV-00904 OWW LJO HC |
| Petitioner, ) | ORDER DISMISSING PETITION WITH LEAVE TO FILE AMENDED PETITION |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK PETITION FOR WRIT OF HABEAS CORPUS |
| TUOLUMNE COUNTY, ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On July 17, 2006, Petitioner filed a petition for writ of habeas corpus in this Court.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.   Failure to State a Discernable Claim

Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) *state the relief requested;*
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition appears to present two grounds for relief. However, those grounds are completely unclear. In Ground One, Petitioner mentions "recant statements" from two individuals; but he does not state how these statements are relevant to his underlying conviction. Indeed, Petitioner does not even state his underlying conviction. In Ground Two, Petitioner states he is wrongfully imprisoned, but again, he fails to state why. He notes that he asked for a Marsden motion and the judge denied the motion, and he states his attorney was disqualified from a prior case; however, he fails to state why these facts are relevant. Was the Marsden motion wrongfully denied? If so, why? How is the attorney's disqualification in a prior matter relevant to Petitioner's trial?

The Court cannot discern Petitioner's claims from the information provided. Petitioner fails to identify any of his grounds for relief with any specificity and he fails to support his claims with sufficient facts. Therefore, the petition must be dismissed.

C.  Failure to State a Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall

   entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  <u>See also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

   Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

   In the instant case, Petitioner fails to state a cognizable federal claim.  Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

   Accordingly, the petition must be dismissed.

<u>D.  Exhaustion of State Remedies</u>

   A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991);  <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

   A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v.</u>

1  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
2  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full
3  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
4  claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504
5  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

6       Additionally, the petitioner must have specifically told the state court that he was raising a
7  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
8  (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);
9  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court
10 reiterated the rule as follows:

11      In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
   of state remedies requires that petitioners "fairly presen[t]" federal claims to the
12 state courts in order to give the State the "'opportunity to pass upon and correct
   alleged violations of the prisoners' federal rights" (some internal quotation marks
13 omitted). If state courts are to be given the opportunity to correct alleged violations
   of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
14 are asserting claims under the United States Constitution. If a habeas petitioner
   wishes to claim that an evidentiary ruling at a state court trial denied him the due
15 process of law guaranteed by the Fourteenth Amendment, he must say so, not only
   in federal court, but in state court.
16
Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:
17
     Our rule is that a state prisoner has not "fairly presented" (and thus
18 exhausted) his federal claims in state court *unless he specifically indicated to
   that court that those claims were based on federal law*. See Shumway v. Payne,
19 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
   Duncan, this court has held that the *petitioner must make the federal basis of the*
20 *claim explicit either by citing federal law or the decisions of federal courts, even*
   *if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889
21 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
   underlying claim would be decided under state law on the same considerations
22 that would control resolution of the claim on federal grounds. Hiivala v. Wood,
   195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
23 (9th Cir. 1996); . . . .
        In Johnson, we explained that the petitioner must alert the state court to
24 the fact that the relevant claim is a federal one without regard to how similar the
   state and federal standards for reviewing the claim may be or how obvious the
25 violation of federal law is.

26 Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

27      In the instant petition before the Court, Petitioner fails to state whether he sought relief in the
28 California Supreme Court, and if he did, whether he raised the grounds he presents in this petition.

If the grounds were not presented to the California Supreme Court, they are unexhausted and the petition must be dismissed to provide Petitioner an opportunity to exhaust the claims. 28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 521-22.

E.  Failure to Name a Proper Respondent

In this case, Petitioner names Tuolumne County as Respondent. Petitioner is incarcerated at Avenal State Prison ("ASP") located in Avenal, California. According to the website maintained by the California Department of Corrections, the warden at that facility is Kathy Mendoza-Powers. See Cal. Dept. of Corr. and Rehab., http://www.corr.ca.gov/Visitors/fac_prison_AVENAL.html (last visited August 18, 2006).

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

F.  Conclusion

The instant petition must be dismissed for the above-stated reasons. Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completely filled-out petition with cognizable federal claims clearly stated, with exhaustion of state remedies clearly stated, and with a proper respondent clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be titled "First Amended Petition" and must reference the instant case number.

**ORDER**

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order. The Clerk of Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

**Dated:   August 18, 2006**             /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE